UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE J. ALLEN,

    Petitioner,                    Civil No. 05-74512-DT
                                      HONORABLE GEORGE CARAM STEEH
v.                                      UNITED STATES DISTRICT JUDGE

ROBERT McFADDEN,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE
PETITION FOR WRIT OF HABEAS CORPUS**

George J. Allen, ("petitioner"), presently confined at the United States Penitentiary in Lewisburg, Pennsylvania, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for second-degree murder, M.C.L.A. 750.317; fleeing and eluding a police officer in the first-degree, M.C.L.A. 257.602a(5), receiving and concealing stolen property, M.C.L.A. 750.535(3)(a); and felonious driving, M.C.L.A. 752.191. For the reasons stated below, petitioner's application for a writ of habeas corpus is denied.

**I. Background**

Petitioner pleaded no contest to the above offenses in the Wayne County Circuit Court. Petitioner's conviction was affirmed by the Michigan Court of Appeals on direct appeal. *People v. Allen*, No. 2246446 (Mich.Ct.App. May 8,

1

2003). Petitioner failed to appeal this decision to the Michigan Supreme Court within the fifty six day time limit for filing an application for leave to appeal. [1]

Petitioner now seeks the issuance of a writ of habeas corpus. For purposes of judicial clarity, the Court will paraphrase the claims rather than recite them verbatim:

> I. The State of Michigan did not have jurisdiction to convict and sentence petitioner for second-degree murder.
>
> II. The sentencing court committed error by exceeding the maximum penalty of fifteen years for the offense of fleeing and eluding a police officer by sentencing petitioner to seventeen to thirty five years in prison for the second-degree murder charge.
>
> III. The convictions for both second-degree murder and fleeing and eluding a police officer violate the Double Jeopardy Clause.

Respondent has filed an answer in opposition to the petition for writ of habeas corpus, which is construed as a motion to dismiss on the basis that the claims are barred by procedural default. *See Alvarez v. Straub*, 64 F. Supp. 2d 686, 689 (E.D. Mich. 1999).

## II. Discussion

Respondent contends that petitioner's claims are procedurally defaulted because petitioner failed to properly exhaust the claims by filing a timely application for review of his conviction with the Michigan Supreme Court.

A habeas petitioner procedurally defaults a claim if he fails to raise it in an

---

[1] *See* Affidavit from Corbin R. Davis, Clerk of the Michigan Supreme Court, dated June 6, 2006 [this Court's Docket Entry # 22].

application for discretionary review with the state's highest court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).  A claim raised in the state court of appeals but not in the state supreme court cannot be considered in federal habeas review. *See Harris v. Stegall,* 157 F. Supp. 2d 743, 750 (E.D. Mich. 2001).

Under M.C.R. 7.302(C)(3), petitioner had fifty six days to file a delayed application for leave to appeal with the Michigan Supreme Court. *Rice v. Trippett*, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999).  Petitioner never filed an application for leave to appeal with the Michigan Supreme Court within this time period.  By failing to seek discretionary review in the Michigan Supreme Court, petitioner has procedurally defaulted his claims. *Harris,* 157 F. Supp. 2d at 750.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice". *Coleman v. Thompson*, 501 U.S. 722, 750-751 (1991).  If petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986).  However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S.

3

478, 479-480 (1986).  However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Moreover, actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

   In his reply to the response to the petition for writ of habeas corpus, petitioner claims that after being denied relief by the Michigan Court of Appeals in May of 2003, petitioner, with the assistance of his appellate counsel, was able to get notice to the Michigan Supreme Court that he wished to appeal.  Because of various delays in communicating with his appellate counsel, petitioner claims that he obtained an extension of time from the Michigan Supreme Court to file his application for leave to appeal.  Petitioner contends that with this extension of time, he was able to send his application for leave to appeal to the Michigan Supreme Court on time.  Petitioner alleges that approximately two months after his application was mailed to the Michigan Supreme Court, he received a small portion of his appeal back from the United States Postal Service in a different envelope marked "Lost in Mailroom".  Petitioner claims that several other parts of his application were erroneously sent to his appellate counsel.  Petitioner claims that by the time that most of the appeal had been returned to him, the time for seeking leave to appeal had expired.

The problem with petitioner's argument is that he has presented no evidence or documentation in support of his allegations, nor has he specified the date that he actually sent his application for leave to appeal to the Michigan Supreme Court or the date that the application was returned to him by the postal service. A showing of cause by a habeas petitioner requires more than "the mere proffer of an excuse." *See Lundgren v. Mitchell,* 440 F. 3d 754, 763 (6th Cir. 2006). Therefore, a habeas petitioner cannot rely on conclusory assertions of cause and prejudice to overcome procedural default. Instead, he or she must present affirmative evidence or argument as to the precise cause and the prejudice produced. *Id.* at 764.

Petitioner's bare assertion that he timely mailed his application for leave to appeal to the Michigan Supreme Court is insufficient to establish cause to excuse his default. *Cf. Stewart v. Robinson,* 65 Fed. Appx. 536, 537-38 (6th Cir. 2003)(habeas petitioner not entitled to equitable tolling of the Antiterrorism and Effective Death Penalty Act's statute of limitations based on claim that he had previously mailed a habeas petition to the federal court, where there was no evidence of the petitioner's alleged prior filing; petitioner's "bare assertion" that he had mailed his habeas petition to the federal district court prior to the deadline was insufficient to show that he actually mailed the petition).

Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary for this Court to reach the prejudice issue. *Smith v.*

*Murray*, 477 U.S. at 533; *Harris,* 157 F. Supp. 2d at 750.

Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his claims as a ground for a writ of habeas corpus in spite of the procedural default. Because petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declined to review petitioner's claims on the merits. *Harris,* 157 F. Supp. 2d at 751.  Petitioner's procedural default bars federal habeas review of his claims.

### III.  Conclusion

The Court will dismiss the petition for writ of habeas corpus.  The Court will also deny petitioner a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge.  If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether

the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

Because a plain procedural bar is present, no further appeal would be warranted in this case. *Harris,* 157 F. Supp. 2d at 751. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

### IV.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.*

**Dated:  September 13, 2006**         S/George Caram Steeh
                                        **GEORGE CARAM STEEH**
                                        **UNITED STATES DISTRICT JUDGE**

**CERTIFICATE OF SERVICE**

**Copies of this Order were served upon attorneys of record on September 13, 2006, by electronic and/or ordinary mail.**

**S/Josephine Chaffee**
**Deputy Clerk**